UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **DARK CIRCUIT LABS, INC.**,<br><br>Plaintiffs,<br><br>vs.<br><br>**BLACK SAILS SECURITY LLC**, **JOHN CARPENTER**, **ERIC MISSIMER**, **MICHAEL FRANK,** and **KEITH HADDOCK**,<br><br>Defendants. | Civil Action No.: 1:23-CV-00326-TSE-LRV |

**DECLARATION OF STEVEN J. WEBER, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND EXPEDITED DISCOVERY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 65**

I, **STEVEN J. WEBER, ESQ.**, hereby declare and state as follows:

1. I am an attorney with the law firm Peckar & Abramson, P.C., counsel for Plaintiff Dark Circuit Labs, Inc. (hereafter "Plaintiff" or "DCL"), and I make this declaration in support of Plaintiff's Motion for a Temporary Restraining Order ("TRO"), Preliminary Injunction, and Expedited Discovery pursuant to Federal Rule of Civil Procedure 65 brought on by Order to Show Cause.

2. A true and accurate copy of Plaintiff's Verified Complaint, dated March 10, 2023, is attached hereto as **Exhibit A**.

3. A true and accurate copy of Plaintiff's First Amended Verified Complaint, dated March 23, 2023, is attached hereto as **Exhibit B**.

4. A true and accurate copy of the Shareholders Agreement ("Shareholders Agreement") dated November 3, 2021, is attached hereto as **Exhibit C**.

5. A true and accurate copy of Defendant John Carpenter's ("Carpenter") Non-Competition and Protectable Interest Agreement, dated December 15, 2021, is attached hereto as **Exhibit D**.

6. A true and accurate copy of Defendant Michael Frank's Non-Competition and Protectable Interest Agreement, dated July 30, 2022, is attached hereto as **Exhibit E**.

7. A true and accurate copy of a letter, dated January 27, 2023, from DCL to Carpenter informing Carpenter that DCL was opening an internal investigation and demanding that Carpenter immediately return all company property in his possession and refrain from violating his contractual, statutory, and common law obligations to DCL, is attached hereto as **Exhibit F**.

8. A true and accurate copy of a letter, dated January 30, 2023 and revised from January 27, 2023, from DCL to Defendant Eric Missimer ("Missimer") informing Missimer that DCL was opening an internal investigation and demanding that Missimer immediately return all company property in his possession and refrain from violating his contractual, statutory, and common law obligations to DCL, is attached hereto as **Exhibit G**.

9. A true and accurate copy of a letter, dated March 6, 2023, from DCL to Carpenter informing Carpenter that DCL was terminating his employment for cause effective immediately and demanding again that Carpenter refrain from violating his contractual, statutory, and common law obligations to DCL, is attached hereto as **Exhibit H**.

10. A true and accurate copy of a letter, dated March 6, 2023, from DCL to Missimer informing Missimer that DCL was terminating his employment for cause effective immediately and demanding again that Missimer refrain from violating his contractual, statutory, and common law obligations to DCL, is attached hereto as **Exhibit I**.

11. A true and accurate copy of a letter, dated March 15, 2023, from DCL to Defendant Michael Frank ("Frank") accepting Frank's resignation and demanding that Frank refrain from violating his contractual, statutory, and common law obligations to DCL, is attached hereto as **Exhibit J**.

12. A true and accurate copy of text message correspondence, dated January 16, 2023, between Missimer and Ronald Pelkey ("Pelkey"), President and Chief Operating Officer of DCL, is attached hereto as **Exhibit K**.

13. A true and accurate copy of an email, dated January 26, 2023, from Defendant Keith Haddock ("Haddock") to Chase Bertke ("Bertke"), DCL's Chief Executive Officer, Carpenter, and Missimer, is attached hereto as **Exhibit L**.

14. A true and accurate copy of text message correspondence, dated January 31, 2023, between Frank and Pelkey regarding DCL's internal investigation, is attached hereto as **Exhibit M**.

15. A true and accurate copy of an email, dated February 24, 2023, from Frank to Haddock regarding Frank's involvement with Carpenter, Missimer, and BSS, is attached hereto as **Exhibit N**.

16. A true and accurate copy of an email, dated March 3, 2023, from Carpenter to Bertke, Pelkey, and Larry Littleton ("Littleton"), DCL's Chief Financial Officer, is attached hereto as **Exhibit O**.

17. A true and accurate copy of an email, dated March 14, 2023, from Frank to Bertke, Pelkey, and Littleton noticing Frank's intention to resign, is attached hereto as **Exhibit P**.

18. A true and accurate copy of an email, dated March 16, 2023, from Missimer's counsel to DCL's counsel regarding Missimer returning DCL company property, is attached hereto as **Exhibit Q**.

19. A true and accurate copy of DCL's file sharing program user logs showing that, on November 10 and 15, 2023, Carpenter accessed and downloaded DCL's Business Plan, is attached hereto as **Exhibit R**.

20. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 6, 2023

Steven J. Weber, VSB No. 35573
PECKAR & ABRAMSON, P.C.
2055 L Street, NW
Suite 750
Washington, DC 20036
Telephone: (202) 293-8815
Facsimile: (202) 293-7994
SWeber@pecklaw.com
*Attorneys for Plaintiff Dark Circuit Labs, Inc.*