# EXHIBIT G



*Delivery via Regular & Certified Mail (R.R.R.) and Email*

January 30, 2023

Dr. Eric Missimer

237 West Street
Mansfield, MA, 02048
missimer@gmail.com

Re:     **INTERNAL INVESTIGATION**

Dear Dr. Missimer:

On January 26, 2023, while you were engaged as a Shareholder and employee of Dark Circuit Labs, Inc. ("DCL"), you disclosed to Ronald Pelkey, President and Chief Operating Officer and a shareholder of DCL that you assisted with John Carpenter, an employee of DCL, who has formed a competing enterprise, Black Sails Security LLC ("BSS"), which has already solicited existing DCL clients. We were further informed that you intend to terminate your employment relationship with DCL to further pursue opportunities with Dr. Carpenter's newly formed company. These issues raise serious concerns for DCL. Specifically, based on information currently available, DCL has reason to believe that you are in violation of your contractual and statutory and common law obligations to DCL as a Shareholder based on your activities with BSS, a direct competitor, in violation of your non-compete, non-solicitation, and non-disparagement obligations.

We are conducting an investigation to fully understand what has occurred with respect to any breach of obligations owed by you to DCL and the implications they may have for DCL with respect to its obligations to others. As a Shareholder with a continuing duty of loyalty and fiduciary duty to DCL, we expect that you will cooperate fully, and in good faith, with that investigation so that DCL may mitigate any harm that may have been caused or will be caused by your departure under these circumstances. Similarly, we expect that you will continue to perform your Shareholder obligations to DCL so that it can continue to perform its obligations under its contracts with its clients. Please make yourself available Monday, January 30, 2023 at 6:30pm to meet virtually with me so that we can discuss.

While DCL internally investigates this matter, due to the sensitivity of your position, we will be placing you on an administrative leave with hourly pay effective immediately. While you are on this leave, you

will not have access to company property or resources such as email, management systems, or social accounts and you should not contact DCL employees, consultants, or customers unless to preserve continuity of services for the mission as it relates to Ungrateful Child. As an exception, Dr. Missimer is allowed to contact our financial consultant BSB for an existing 401k and/or tax matter. Your access to time sheets shall remain active during your administrative suspension to preserve continuity of services for the mission as it relates to Ungrateful Child. Notwithstanding your administrative leave status, you will be compensated for your services on Ungrateful Child pursuant to your existing agreements with DCL and the terms of that contract.

Effective immediately and within ten (10) business days of receipt of this letter, you must return all DCL property, including but not limited to trade secrets and confidential or proprietary information belonging to DCL, identification cards or badges, access codes or devices, keys, laptops, computers, telephones, mobile phones, hand-held electronic devices, credit cards, electronically stored documents or files, physical files, equipment, servers, administrative accounts, and any other DCL property and information in your possession. Any passwords or necessary access codes should be handwritten and attached to the device to which they pertain prior to their return. DCL will reimburse you for the cost of shipping the company property to Ronald Pelkey at 13947 Gary Fisher Trail, Gainesville, VA 20155. Additionally, please coordinate with the DCL COO, Ron Pelkey on any logistics, accounts, passwords management, intellectual property transfer and/or items listed in this paragraph.

Moving forward, we are reminding you of your obligations that, on November 3, 2021, you executed a Shareholder Agreement (the "Agreement"), governed by Delaware law, a copy of which is enclosed. The Agreement survives the termination of your employment and prohibits you from engaging in certain conduct both during and after the termination of your employment with DCL. Specifically, the Agreement prohibits you, during your time as a shareholder with DCL and for a period of one (1) year following your termination from DCL from "directly or indirectly, and whether as principal, agent, officer, director, partner, employee, consultant, broker, dealer or otherwise, alone or in association with any other person, firm, corporation, or other business organization, carry on, or be engaged, have an interest in or take part in, or render services to any person, firm, corporation or other business organization (other than [DCL]) engaged in a business which is competitive with all or part of the business of the [DCL]."

The Agreement also prohibits you, during your time as a shareholder with DCL and for a period of twenty-four (24) months following your separation from DCL, from "directly or indirectly . . . solicit[ing], employ[ing] or retain[ing], or hav[ing] or caus[ing] any other person or entity to solicit, employ[] or retain, any other Shareholder or other person who is employed by DCL . . . or solict[ing] the business of provid[ing] services or products to any client (or prospective client) of [DCL] at any time while [you were] an employee or Shareholder of [DCL]."

The Agreement further provides that "[n]o Shareholder shall, directly or indirectly, individually or in concert with others, knowingly engage in any conduct of make any statement that is reasonably likely to have the effect of undermining or disparaging the reputation of [DCL] . . . or the good will of [DCL], products, or business opportunities, or that is reasonably likely to have the effect of undermining or disparaging the reputation of any officer, director or employee, past or present, of [DCL]."

In addition, your activities with regard to DCL's confidential information and trade secrets may also implicate violations of the federal Defend Trade Secrets Act of 2016 and Delaware Uniform Trade Secrets Act. Specifically, federal and Delaware law prohibit the use or disclosure of DCL's trade secrets

you learned of during your employment, in addition to your obligations under the Agreement with DCL. Delaware law also imposes on you a continuing duty of loyalty and fiduciary duty which prohibits you from disclosing DCL's confidential or trade secret information at any time after your employment with DCL or termination as a shareholder of DCL.

Based on the foregoing, during the pendency of the internal investigation and your administrative leave, DCL requires that you immediately refrain from:

1. Using or disclosing DCL's trade secrets and confidential and proprietary information.

2. All activities that violate your contractual non-compete and non-solicit obligations.

3. Tortiously interfering with DCL's business relations with its customers and vendors.

4. Making disparaging statements about DCL.

DCL takes its business interests and its confidential, proprietary, and trade secret information seriously. DCL will take all necessary and appropriate steps to prevent any misappropriation or disclosure of its trade secrets or confidential information, or any breach of its contracts, tortious interference with its business relations, or usurpation of its corporate opportunities.

This letter is not intended as a full recitation of the facts or a complete review of applicable law. Nothing contained in or omitted from this letter is or shall be deemed to be a limitation, restriction, or waiver of any of DCL's rights or remedies, either at law or in equity, in connection with any of the matters raised herein, all of which are expressly reserved.

You are now on notice of potential litigation. You are required to take all necessary steps to preserve, and not destroy, conceal, or alter, any and all communications and documents relevant to this matter, including by way of example, and without limitation, emails, text messages, social media posts, voicemails, records, files, cloud storage accounts, and other data, wherever located and regardless of the format or media. Be forewarned that purposeful destruction of this evidence may result in penalties, including legal sanctions.

However, while you are on notice of potential litigation, DCL seeks to avoid costly and protracted litigation and desires to resolve these issues with you and Dr. Carpenter as it relates to BSS and the separation of your employment at the earliest possible juncture. To this end, please contact me immediately to confirm your meeting with me on Monday.

Thank you for your immediate attention to this matter.

Very truly yours,

*L. C. Littleton*

Larry Littleton
Chief Financial Officer
Dark Circuit Labs, Inc.

Change Tracker:

Version 1.3
- Changed Mr. to Dr.
- On DCL property and resource transfer, changed three business days to ten business days.
- Allowances to communicate with Ron Pelkey on logistics surrounding resource transfer.

Version 1.4

- Paragraph 1: Removed "Partnered with John…" changed to "assisted" since Eric has no ownership of BSS at the time of this document.
- Paragraph 3: "Without pay" was changed to "Hourly pay"
- Paragraph 3: Allowances to contact Debbie at BSB.