# EXHIBIT H



***Delivery via Regular & Certified Mail (R.R.R.) and Email***

March 6, 2023

John Carpenter
1610 Kenwood Ave
Alexandria, VA 22302
jmc7dt@virginia.edu

Re:     **TERMINATION FOR CAUSE**

Dear Mr. Carpenter:

Dark Circuit Labs, Inc. ("DCL"), a Delaware corporation, is in receipt of your email, dated March 3, 2023, noticing your intent to resign from employment with DCL on April 3, 2023. This letter serves to inform you that your notice of resignation is rejected and your employment with DCL is terminated effective as of today's date, March 6, 2023 ("Effective Date"), for cause as set forth in this letter.

As you are aware, on January 27, 2023, due to the sensitivity of your position, you were placed on administrative leave whereby you would continue to work on an hourly basis only to preserve continuity of services for the mission as it relates to the Bazinga contract, Ungrateful Child task order during the pendency of an internal investigation to be conducted by DCL. The internal investigation was commenced by DCL following disclosures made to DCL that while you were engaged as Vice President and Senior CNO Developer for DCL, you partnered with Eric Missimer ("Missimer"), a shareholder and employee of DCL, to form a competing enterprise, Black Sails Security LLC ("BSS"), which has already solicited existing DCL clients and employees. A copy of DCL's letter, dated January 27, 2023, placing you on administrative leave and informing you of said internal investigation is enclosed.

DCL conducted the investigation to fully understand what has occurred with respect to any breach of obligations owed by you to DCL and the implications they may have for DCL with respect to its obligations to others. The investigation consisted of interviewing you, Missimer, and other DCL employees and reviewing DCL's correspondence with third parties such as Keith Haddock ("Haddock"), the Project Manager of an existing DCL client, Lockheed Martin Corporation. The investigation confirmed that you are in violation of your contractual and statutory and common law obligations to DCL based on your activities with BSS, a direct competitor. The conclusion reached in the investigation resulted in DCL terminating your employment for cause.



Except as set forth in this letter, the Effective Date will be your employment termination date for all purposes, meaning you will no longer be entitled to any further compensation, monies, or other benefits from DCL, including coverage under any benefits plans or programs sponsored by DCL. Your final paycheck, including your full pay subject to all withholdings and deductions as required by law through the Effective Date, will be issued on the next payroll date following the Effective Date and delivered in the manner in which you typically receive your paycheck. Your current health care coverage through DCL's benefits plan ("Plan") will continue until March 31, 2023 at the active employee rate. If you timely and properly elect COBRA continuation coverage under the Plan, you will be able to continue coverage for up to eighteen (18) months commencing on April 1, 2023 and shall be responsible for the entire COBRA premium for the applicable COBRA continuation period. You will receive a separate letter with a COBRA Election Form describing the coverage continuation process from the Plan.

Please be advised that, to the extent not already done, you must return all DCL property, including identification cards or badges, access codes or devices, keys, laptops, computers, telephones, mobile phones, hand-held electronic devices, credit cards, electronically stored documents or files, physical files and any other DCL property and information in your possession. Please return any and all remaining DCL property and information in your possession to the DCL within three (3) days of the Effective Date.

Further, please recall that, on December 20, 2021, you executed a Confidentiality Non-Competition and Protectable Rights Agreement ("Restrictive Covenants Agreement"), a copy of which is enclosed, which includes but is not limited to the following provisions: (i) a non-competition clause (Section 4); (ii) non-solicitation clauses (Sections 4 and 5); (iii) a non-disclosure clause (Section 3); and (iv) inventions clause (Section 9). Please further recall that the Offer Letter that you executed on December 15, 2021, a copy of which is enclosed, provides that "[w]hile you are employed by [DCL], you will not engage in any other employment, consulting, or other business activity (whether full-time or part-time) that creates a conflict of interest with [DCL]."

The Restrictive Covenants Agreement survives your employment with DCL and the non-compete and non-solicitation clauses remain in effect until March 6, 2024. You also have a continuing duty of loyalty, which prohibits you from disclosing DCL's confidential or trade secret information at any time during or following your employment with DCL. As it relates to your ongoing obligations under the inventions clause, pursuant to Section 9(e) of the Restrictive Covenants Agreement, you must disclose to DCL "all Company Inventions made or conceived by [you] (solely or jointly with others) during the term of [your] employment or working with [DCL]." You are hereby directed to disclose to DCL in writing on or before March 10, 2023 all inventions made by you as of the



Effective Date to permit a determination by DCL as to whether or not the innovations are or should be considered Company Inventions as defined by the Restrictive Covenants Agreement.

The investigation by DCL revealed that you are already in breach of your non-compete, non-solicitation, and non-disclosure obligations and DCL is fully prepared to defend its rights that have already been infringed upon and those rights that you may infringe upon in the future should you choose to continue to breach your respective agreements with DCL. DCL will do so to the full extent necessary to protect itself. DCL expects you to inform any new employer, including but not limited to BSS, about these continuing obligations. DCL further expects that any new employer, including but not limited to BSS, will respect your obligations and refrain from inducing you to breach them or benefit in any way from your breach. If DCL suspects any breach of these obligations by you or inducement of breach by any new employer, DCL will take any and all action necessary against you and any new employer to enjoin the breach, and seek full compensation for all harm caused by such breaches.

Furthermore, in its January 27, 2023 letter, DCL demanded that you immediately refrain from: (1) "[u]sing or disclosing DCL's trade secrets and confidential and proprietary information"; (2) "all activities that violate your contractual non-compete and non-solicit obligations"; (3) "[t]ortiously interfering with DCL's business relations with its customers and vendors"; and (4) "[m]aking disparaging statements about DCL." Based on disclosures made to DCL from third parties such as Haddock on February 9, 2023 and DCL's current and prospective employees as recently as March 2, 2023, you did not abide by any of these demands and continued to engage in further competitive activity against DCL throughout the pendency of the internal investigation. As a result, this letter further serves as a demand that you cease and desist from engaging in all such activities immediately to prevent additional damage to DCL's reputation and business relationships.

This letter is not intended as a full recitation of the facts or a complete review of applicable law. Nothing contained in or omitted from this letter is or shall be deemed to be a limitation, restriction, or waiver of any of DCL's rights or remedies, either at law or in equity, in connection with any of the matters raised herein, all of which are expressly reserved.

As set forth in DCL's January 27, 2023 letter, you are on notice of potential litigation. You are required to take all necessary steps to preserve, and not destroy, conceal, or alter, any and all communications and documents relevant to this matter, including by way of example, and without limitation, emails, text messages, social media posts, voicemails, records, files, cloud storage accounts, and other data, wherever located and regardless of the format or media. Be forewarned that purposeful destruction of this evidence may result in penalties, including legal sanctions.



If you have any questions about this letter or the agreements referenced herein, please contact me at larry@darkcircuitlabs.com. Please acknowledge below your receipt of this letter and email a copy of the signed letter back to me.

Very truly yours,

*L C Littleton*

Larry Littleton
Chief Financial Officer
Dark Circuit Labs, Inc.

Enclosures

_____
John Carpenter

_____
Date

Dark Circuit Labs, Inc. 4
1900 Reston Metro Plaza, Suite 600
Reston, VA, 20190
www.darkcircuitlabs.com