UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **DARK CIRCUIT LABS, INC.**,<br><br>　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>**BLACK SAILS SECURITY LLC**, **JOHN CARPENTER**, **ERIC MISSIMER**, **MICHAEL FRANK,** and **KEITH HADDOCK**,<br><br>　　　　　　　　Defendants. | Civil Action No.: 1:23-cv-00326-TSE-LRV |

**ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION, AND EXPEDITED DISCOVERY**

Upon the reading and filing of the First Amended Verified Complaint, dated March 23, 2023, Declaration of Steven J. Weber, Esq., dated April 6, 2023, and the exhibits annexed thereto, Affidavit of Ronald Pelkey, dated April 6, 2023, and Memorandum of Law submitted in support by Plaintiff Dark Circuit Labs, Inc.'s ("Plaintiff" or "DCL") in support of its application for a temporary restraining order ("TRO") and preliminary injunction enjoining Defendants Black Sails Security LLC, ("BSS"), John Carpenter ("Carpenter"), Eric Missimer ("Missimer"), Michael Frank ("Frank"), and Keith Haddock ("Haddock") (collectively herein referred to as "Defendants") from breaching, and/or aiding and abetting the breach of, their restrictive covenant agreements and misappropriating DCL's trade secrets in violation of federal and state law, and imposing such additional relief as may be appropriate until the Court has ruled on DCL's request for a preliminary injunction;

**NOW**, on Plaintiff's application, it is hereby,

**ORDERED**, that Defendants show cause before this Court by virtual and/or telephonic means as Ordered by the Court and/or at room \_\_\_\_, Albert V. Bryan U.S. Courthouse, 401

Courthouse Square, Alexandria, Virginia 22314, on _____, 2023, at _____ a.m./p.m., or as soon thereafter as counsel may be heard, why a TRO pursuant to Rule 65 of the Federal Rules of Civil Procedure should not issue enjoining Carpenter, Missimer, and Frank during the pendency of this action and all persons or entities working in concert with them, expressly including BSS and Haddock, from (i) further use or dissemination of DCL's trade secrets and/or confidential/proprietary business information and the deletion of same from any repositories to which they may have been copied, (ii) further solicitation and communication with any client or customer that Carpenter, Missimer, and Frank maintained any contact with while in the employ of DCL for a period of two (2) years, measured from the date of the Order, (iii) providing any services to any client or customer that Carpenter, Missimer, and Frank maintained any contact with while in the employ of DCL for a period of two (2) years, measured from the date of the Order, and (iv) employing or further solicitation to employ or retain DCL's employees, or inducement of DCL's employees to separate from employment with DCL, for a period of two (2) years, measured from the date of the Order, until the Court has ruled on DCL's request for a preliminary injunction; and it is further

      **ORDERED** that, sufficient reason having been shown therefor, pending the hearing of DCL's application for a preliminary injunction, Carpenter, Missimer, and Frank and all persons or entities working in concert with them, expressly including BSS and Haddock, are enjoined from (i) further use or dissemination of DCL's trade secrets and/or confidential/proprietary business information and the deletion of same from any repositories to which they may have been copied, (ii) further solicitation and communication with any client or customer that Carpenter, Missimer, and Frank maintained any contact with while in the employ of DCL for a period of two (2) years, measured from the date of the Order, (iii) providing any services to any client or customer that

Carpenter, Missimer, and Frank maintained any contact with while in the employ of DCL for a period of two (2) years, measured from the date of the Order, and (iv) employing or further solicitation to employ or retain DCL's employees, or inducement of DCL's employees to separate from employment with DCL, for a period of two (2) years, measured from the date of the Order, and for such other and further relief as may be appropriate until the Court has ruled on DCL's request for a preliminary injunction; and it is further

**ORDERED**, that the TRO granted herein shall expire fourteen (14) days from the date of entry noted below, unless within such time, the Order is extended for an additional period pursuant to Federal Rule of Civil Procedure 65(b)(2); and it is further

**ORDERED** that security in the amount of $ _____ be posted by the Plaintiff on _____ at _____ a.m./p.m.; and it is further

**ORDERED** that the parties shall submit a Discovery Confidentiality Order for the Court's approval by _____, 2023; and it is further

**ORDERED** that pursuant to the Federal Rules of Civil Procedure 30(a), 31(a), 34, and 45, and notwithstanding the provisions of Federal Rules of Civil Procedure 26(d) and (f), 30(a)(2)(A), and 31(a)(2)(A), discovery is to be expedited in advance of a hearing on Plaintiff's converted motion for a preliminary injunction and the parties are granted leave, at any time after entry of this Order to:

(A) Take the deposition of any person, whether or not a party, on three (3) business days' notice, up to the maximum of eight (8) depositions per party, for the purpose of discovering the nature, status, and/or extent of Defendants' breach of their restrictive covenant agreements, and/or aiding or abetting such breaches, and misappropriation of DCL's trade secrets;

3

(B) Demand the production of documents from any person, whether or not a party, on five (5) business days' notice, relating to the nature, status, and/or extent of Defendants' breach of their restrictive covenant agreements, and/or aiding or abetting such breaches, and misappropriation of DCL's trade secrets;

(C) Serve on any other party, on five (5) business days' notice, no more than ten (10) written interrogatories, including all discrete subparts;

(D) Serve on any other party, on five (5) business days' notice no more than ten (10) written requests to admit, for purposes of the pending action only, the truth of any matters within the scope of Federal Rule of Civil Procedure 26(b)(1) relating to: (i) facts, the application of law to fact, or opinions about either; and (ii) the genuineness of any described documents; and it is further

**ORDERED** that any such depositions taken or written discovery served pursuant to this Order shall not be counted toward any limit on the number of depositions or written discovery requests under the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure for the United States District Court for the Eastern District of Virginia, and if a Defendant fails to appear for a properly noticed deposition or fails to comply with written discovery request, such Defendant may be prohibited from introducing evidence at the hearing on DCL's request for a preliminary injunction; and it is further

**ORDERED** that the expedited discovery permitted in this Order does not require a meeting or conference of the parties, pursuant to Federal Rules of Civil Procedure 26(d) and (f) and the parties are exempted from making initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(B) until further order of this Court; and it is further

**ORDERED** that, within (5) business days of receipt of a copy of this Order, with a sworn statement disclosing the name and location of any electronic data host, and the location of computer equipment or electronic devices, related to Defendants' initiation, procurement, or transmission of electronic mails and/or text messages, and describing, to the extent known, the make(s) and model(s) of the computer equipment or electronic devices, as well the operating system(s) in use, and the number, size, and capacity of any mass storage arrays or devices, Defendants shall preserve all records related to Defendants' initiation, procurement, or transmission of electronic mails and/or text messages, and shall turnover for forensic analysis by a neutral third-party, to be approved by the Court, such computer equipment or electronic devices related to Defendants' initiation, procurement, or transmission of commercial electronic mails and/or text messages, including but not limited to email accounts created for purposes of BSS or any other entity Defendants may control; and it is further

**ORDERED**, that, within (5) business days of receipt of a copy of this Order, Defendants shall provide an accounting of all accounts relating to actual and potential customers and/or clients that Defendants solicited for BSS, or any other entity that Defendants may control, and a return of all proceeds, compensation, commissions, alleged "wages," alleged "salary," consulting fees, incentive payments, profits, earnings, monies and/or other benefits that were unjustly obtained by Defendants through violation of Carpenter, Missimer, and Frank's restrictive covenant agreements and against BSS and Haddock for aiding and abetting such breaches; and

**ORDERED**, pursuant to Federal Rule of Civil Procedure 65, that Defendants shall appear before this Court by virtual and/or telephonic means as Ordered by the Court and/or at room \_\_\_\_, Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, Virginia 22314, on _____, 2023, at _____ a.m./p.m., or as soon thereafter as counsel may be

heard, to show cause, if there is any, why this Court should not enter a preliminary injunction, pending final ruling on the First Amended Verified Complaint against Defendants, enjoining them from breaching, and/or aiding and abetting the breach of, their restrictive covenant agreements and misappropriating DCL's trade secrets in violation of federal and state law, and imposing such additional relief as may be appropriate; and it is further

**ORDERED** that Defendants shall file with the Court and serve upon Plaintiff any answering affidavits, pleadings, motions, expert reports or declarations, and/or legal memoranda no later than seven (7) business days prior to the hearing on Plaintiff's request for a preliminary injunction, and Plaintiff may file responsive or supplemental pleadings, materials, affidavits, or memoranda with the Court and serve upon Defendants no later than one (1) day prior to the preliminary injunction hearing in this matter, provided that service shall be performed by personal and overnight delivery, electronic mail, or facsimile and documents shall be delivered so that they shall be received by the parties no later than 5:00 p.m. on the appropriate dates; and it is further

**ORDERED** that copies of this Order may be served by any means, including by the Court's electronic case filing system, facsimile transmission, electronic mail, personal or overnight delivery, U.S. Mail, or private process server, upon Defendants or anyone that may be subject to any provision of this Order; and it is further

**ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**IT IS SO ORDERED**, this _____ day of _____, 2023, at _____a.m./p.m.

_____
HON.

6