UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **DARK CIRCUIT LABS, INC.**, <br><br> Plaintiff, <br> vs. <br><br> **BLACK SAILS SECURITY LLC**, **JOHN CARPENTER**, **ERIC MISSIMER, MICHAEL FRANK,** and **KEITH HADDOCK**, <br><br> Defendants. | Civil Action No.: 1:23-cv-00326-LMB-LRV |
| **ERIC MISSIMER**, <br><br> Plaintiff, <br> vs. <br><br> **DARK CIRCUIT LABS, INC.**, <br><br> Defendant. | Civil Action No.: 1:23-cv-00476-LMB-LRV |

**MEMORANDUM OF LAW IN SUPPORT OF DARK CIRCUIT LAB, INC.'S MOTION TO CONSOLIDATE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 42(a)**

PECKAR & ABRAMSON, P.C.
*Attorneys for Plaintiff Dark Circuit Labs, Inc.*
2055 L Street, NW, Suite 750
Washington, DC 20036
Telephone: 202.293.8815
Facsimile: 202.293.7992

On the Brief:
Steven J. Weber, VSB No. 35573
Gregory R. Begg, *Pro Hac Vice*
Lauren Rayner Davis, *Pro Hac Vice*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................... iii

PRELIMINARY STATEMENT................................................................................................. 1

FACTUAL AND PROCEDURAL BACKGROUND................................................................. 2

LEGAL ARGUMENT ................................................................................................................ 4

    THE CLAIMS AND DEFENSES IN *DCL I* AND *DCL II* ARISE FROM A COMMON NUCLEUS OF OPERATIVE FACTS AND THUS THE ACTIONS ARE RIPE FOR CONSOLIDATION BECAUSE THE PARTIES WILL SUFFER NO PREJUDICE AND JUDICIAL ECONOMY FAVORS COMBINING THE TWO RELATED ACTIONS ........................................................................................ 4

CONCLUSION ........................................................................................................................... 7

# **TABLE OF AUTHORITIES**

Page(s)

**FEDERAL CASES**

*A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.*,
    559 F.2d 928 (4th Cir. 1977)..................................................................................................5

*Arnold v. E. Air Lines, Inc.*,
    681 F.2d 186 (4th Cir. 1982)................................................................................................5, 7

*Kelley v. U.S.*,
    580 F. Supp. 2d 490 (E.D. Va. 2008)...................................................................................5, 7

*Nicol v. Imagematrix, Inc.*,
    767 F. Supp. 744 (E.D. Va. 1991).........................................................................................5

*United Mine Workers v. Gibbs*,
    383 U.S. 715 (1966)...............................................................................................................5

*U.S. ex rel. Sprinkle Masonry, Inc. v. THR Enterprises, Inc.*,
    Nos. 2:14cv251, 2:14cv252, 2014 WL 4748527 (E.D. Va. Sept. 23, 2014).......................5, 7

**FEDERAL STATUTES**

18 U.S.C. § 1836.............................................................................................................................1, 6

**FEDERAL RULES**

Fed. R. Civ. P. 42(a)...........................................................................................................1, 5, 6, 7, 8

Fed. R. Civ. P. 65 .................................................................................................................................3

**STATE STATUTES**

Va. Code § 40.1-29 ..............................................................................................................................4

Va. Code § 40.1-27.3 ...........................................................................................................................4

Va. Code § 8.01-184 ............................................................................................................................4

# **PRELIMINARY STATEMENT**[1]

Plaintiff Dark Circuit Labs, Inc. ("DCL") respectfully submits this Memorandum of Law in support of its Motion to Consolidate pursuant to Federal Rule of Civil Procedure ("FRCP") 42(a) seeking an Order consolidating the actions of *Dark Circuit Labs, Inc. v. Black Sails Security, LLC, et al.*, Civil Action No. 1:23-cv-00236 ("*DCL I*"), and *Eric Missimer v. Dark Circuit Labs, Inc.*, Civil Action No. 1:23-cv-00476 ("*DCL II*"), for all purposes including trial.

There can be no doubt of the appropriateness and necessity for consolidation of the two actions at issue. *DCL I* and *DCL II* involve the same litigants, DCL and Defendant Eric Missimer ("Missimer"), the same exact counsel for DCL and Missimer, and the allegations in each complaint arise out of a common nucleus of operative facts. Moreover, the requested relief in each complaint will require conclusions of law that are applicable to the parties' claims and defenses in both actions. Specifically, DCL's defenses to Missimer's claims in *DCL II* are directly dependent on DCL's allegations against Missimer in *DCL I*; to wit, these claims and defenses will require analysis of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1831, *et seq.*, and alleged breaches of the same Shareholders Agreement that is annexed to the complaints in both actions.[2]

Additionally, no party will be prejudiced by the consolidation of these actions. If consolidation is refused, however, the Court and parties will be severely prejudiced by virtue of trying the same claims and defenses twice, incurring incredibly steep financial costs, and creating the institutional risk of inconsistent rulings or verdicts and eroding judicial economy. Accordingly, DCL's motion to consolidate *DCL I* and *DCL II* should be granted in its entirety.

---

[1] Unless otherwise noted, the factual statements referenced herein refer to the factual statements and the Exhibits annexed to the Declaration of Steven J. Weber, Esq. ("Weber Declaration" or "Weber Decl.") submitted in support of DCL's Motion to Consolidate.

[2] (*Compare* Ex. 1 at ¶42, annexing Ex. A *with* Ex. 2 at ¶ 6, annexing Ex. A).

1

## FACTUAL AND PROCEDURAL BACKGROUND

DCL is comprised of highly skilled software engineers, reverse engineers, and vulnerability researchers who possess appropriate U.S. Government security clearances to serve as a subcontractor to large organizations, such as DCL's client Lockheed Martin Corporation ("LMCO"), to provide cyber security personnel, tools, and expertise in support of the United States' National security missions. (Ex. 1, ¶ 6). Missimer was DCL's Chief Technology Officer and custodian of DCL's trade secrets on DCL's corporate network and is also a DCL shareholder. (Ex. 1, ¶¶ 42, 44, 48-49). On November 3, 2021, Missimer entered into a Shareholders Agreement ("Shareholders Agreement") for purposes of setting forth shareholders' respective rights, duties, and obligations as owners of DCL, including but not limited to restrictive covenants and non-disclosure obligations by which Missimer agreed to abide. (Ex. 1, ¶ 42; Ex. 2, ¶ 6).

From November 3, 2021 to December 15, 2022, in addition to his position as a shareholder of DCL and member of the Board of Directors of DCL, Missimer served as the Chief Financial Officer and Treasurer of DCL, as well DCL's Chief Technology Officer ("CTO"). (Ex. 1, ¶¶ 44, 48). In his capacity as CTO, Missimer served as the custodian of and had access to all electronic data for DCL including its business records, business plans and other confidential and proprietary data which constitute confidential and proprietary information protected by the employment agreements and shareholder agreement referenced herein as well as "trade secrets" within the meaning of the DTSA and other applicable laws. (Ex. 1, ¶ 49).

The evidence shows that since as early as November 2022, if not sooner, Defendants John Carpenter ("Carpenter"), Michael Frank ("Frank"), and Missimer conspired with Defendant Keith Haddock ("Haddock"), to utilize, without restraint, DCL's trade secrets to convert DCL's contracts to an entity, Defendant Black Sails Security LLC ("BSS" and together with Carpenter, Missimer,

Frank, Haddock, collectively, "*DCL I* Defendants"), owned and controlled by the *DCL I* Defendants, in violation of the DTSA, 18 U.S.C. § 1831, *et seq.*, the restrictive covenants applicable to Missimer, Carpenter, and Frank as shareholders, officers, and/or employees of DCL, and state statutory and common law. (Ex. 1, ¶¶ 127-132, 137, 142-146, 158-176).

DCL first filed a complaint against BSS, Carpenter, and Missimer in *DCL I* on March 10, 2023, and thereafter filed a First Amended Verified Complaint ("FAVC") on March 23, 2023 adding two new defendants, Frank and Haddock, as well as new factual allegations. (*See* Ex. 1). Specifically, DCL alleges that Defendants have violated their contractual, statutory, and common law obligations to DCL by, *inter alia*, (i) wrongfully possessing, disseminating, misappropriating, utilizing or destroying DCL's trade secrets and/or confidential/proprietary business information, (ii) recruiting and soliciting DCL employees away from DCL to join BSS or other employers, (iii) soliciting, diverting and/or servicing DCL's actual or prospective customers, (iv) working for DCL's direct competitor, BSS and others, while still employed by DCL, and thereafter (v) using DCL's trade secrets for the benefit of a person or entity other than DCL, (vii) disclosing DCL's trade secrets to BSS, Haddock and others, (vii) failing to return to DCL all of its confidential and trade secret information, (viii) causing LMCO to threaten to terminate or actually terminate DCL, (ix) inducing DCL to continue to employ Carpenter, Missimer, and Frank until Defendants could complete their plan to misappropriate DCL's trade secrets, and (x) Defendants utilizing DCL's trade secrets to accomplish these aforementioned acts. (*See* Ex. 1).

On April 6, 2023, in *DCL I*, DCL filed a Motion for a Temporary Restraining Order ("TRO"), Preliminary Injunction, and Expedited Discovery pursuant to FRCP 65, brought on by Order to Show Cause, seeking to enjoin Defendants pending a determination of the relief requested in DCL's FAVC. (ECF No. 20). The following day, on April 7, 2023, Missimer filed his complaint

in *DCL II*, a Virginia state court action against DCL in the Circuit Court for Fairfax County. (*See* Ex. 2). In *DCL II*, Missimer alleges claims arising out of his shareholder and employment status with DCL involving: (1) Breach of Contract; (2) the Virginia Wage Payment Act, Va. Code § 40.1-29 ("VWPA"); (3) the Virginia Whistleblower Protection Law, Va. Code § 40.1-27.3 ("VWPL"); and (4) Declaratory Judgment, Va. Code § 8.01-184. (*See* Ex. 1). Specifically, Missimer alleges in his *DCL II* Complaint that, *inter alia*, DCL breached its obligations to him under the Shareholders Agreement, (*compare* Ex. 1 at ¶42, annexing Ex. A *with* Ex. 2 at ¶ 6, annexing Ex. A), and that Missimer was subjected to retaliatory conduct during his employment with DCL such as reducing his salary and retaliatory termination by DCL when it terminated his employment on or about March 6, 2023. (*See* Ex. 2).

On April 11, 2023, having not yet been served with the Summons and Complaint in *DCL II*, DCL filed a Notice of and Petition for Removal to remove *DCL II* from the Circuit Court of Fairfax County to the United States District Court for the Eastern District of Virginia on the basis of diversity jurisdiction. (Ex. 3). Defendants have now filed the instant motion seeking to consolidate *DCL I* and *DCL II*, which should be granted in its entirety for the reasons more fully set forth below. The TRO hearing has been scheduled by this Court for Friday, April 21, 2023, at 10:00 a.m., and DCL has noticed a hearing date for this same date and time as it relates to the instant motion for purposes of efficiency for the Court and parties. (ECF No. 24).

## **LEGAL ARGUMENT**

### **THE CLAIMS AND DEFENSES IN *DCL I* AND *DCL II* ARISE FROM A COMMON NUCLEUS OF OPERATIVE FACTS AND THUS THE ACTIONS ARE RIPE FOR CONSOLIDATION BECAUSE THE PARTIES WILL SUFFER NO PREJUDICE AND JUDICIAL ECONOMY FAVORS COMBINING THE TWO RELATED ACTIONS**

This Court should refuse to endorse Missimer's gamesmanship and consolidate these two actions for all purposes including trial. Under FRCP 42(a)(2), "[i]f actions before the court involve

4

a common question of law or fact, the court may . . . consolidate the actions." Claims are considered part of the same case or controversy when they are "derived from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). "Most federal courts require only a loose factual connection between the claims to satisfy the requirement that the claims arise from a common nucleus of operative fact." *Nicol v. Imagematrix, Inc.*, 767 F. Supp. 744, 748 (E.D. Va. 1991) (citation and internal quotation marks omitted). If it is determined that two matters involve common questions of law or fact, then courts examine the following critical issues to determine whether consolidation is proper:

> Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives. *Kelley v. U.S.*, 580 F. Supp. 2d 490, 493 (E.D. Va. 2008) (quoting *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)).

Finally, district courts have broad discretion under FRCP 42(a) to consolidate causes pending in the same judicial district. *A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928, 933 (4th Cir. 1977).

Here, careful consideration makes clear that the factors that favor consolidation in this case outweigh those that counsel against it. *See U.S. ex rel. Sprinkle Masonry, Inc. v. THR Enterprises, Inc.*, Nos. 2:14cv251, 2:14cv252, 2014 WL 4748527, at *3 (E.D. Va. Sept. 23, 2014). *DCL I* and *DCL II* meet the threshold requirement because the two matters involve common questions of law or fact as it relates to the parties' claims and defenses in each action. Specifically, Missimer alleges in the *DCL II* Complaint, *inter alia*, that DCL breached its obligations to him under the Shareholders Agreement, and that Missimer was subjected to retaliatory conduct during his

5

employment with DCL related to alleged "whistleblower" activity such as reducing his salary and retaliatory termination by DCL when it terminated his employment on March 6, 2023. (Ex. 2).

DCL's legitimate, non-retaliatory reasons for any such alleged conduct, which is the subject of DCL's defenses in *DCL II*, is founded directly upon DCL's allegations in *DCL I* that Missimer and the other Defendants, toward the end of 2022, if not sooner, misappropriated DCL's Trade Secrets, which are protected under the DTSA. *See* 18 U.S.C. § 1836(c) ("The district court of the United States shall have original jurisdiction of civil actions brought under this section"). (*See* Ex. 1, ¶¶ 1, 40, 211-224). DCL further asserts factual allegations in its FAVC regarding Missimer's conduct that led to his termination in *DCL I* that are directly related to the claims asserted by Missimer against DCL regarding his termination in *DCL II*. (*See* Ex. 1, ¶¶ 89, 101, 138-140).

As a result, DCL's defenses to Missimer's claims in *DCL II* are directly dependent on DCL's allegations against Missimer in *DCL I*, which will require analysis of the DTSA and alleged breaches of the same Shareholder Agreement that is annexed to the complaints in both actions. (*Compare* Ex. 1 at ¶42, annexing Ex. A *with* Ex. 2 at ¶ 6, annexing Ex. A). It is beyond dispute the claims and defenses in these two actions arise from a common nucleus of operative facts. Clearly, therefore, *DCL I* and *DCL II* meet FRCP 42(a)'s requirement that the consolidated actions share common questions of law or fact.

As it relates to the Court's consideration of the other factors at issue, all such factors favor consolidating *DCL I* and *DCL II*. *See Kelley*, 580 F. Supp. 2d at 493 (quoting *Arnold*, 681 F.2d at 193). As noted above, *DCL I* and *DCL II* involve common facts and corresponding conclusions of law. Consequently, the two actions will involve identical discovery with identical testimonial and documentary evidence from both Missimer and DCL in defense of the other party's claims.

6

Consolidating pretrial and trial activities, therefore, will cut down on the burden and expense of the parties, witnesses, and the Court, which is already laboring under a backlog of cases.

As *Arnold* instructs, the Court must also consider the "length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." 681 F.2d at 193. If the cases remain separate, however, the parties and witnesses will be forced to undergo unnecessarily duplicative discovery and the parties will likely engage in duplicative motion practice, further burdening an already overburdened court system. Furthermore, the parties, the Court, and the citizens who serve on each jury will be forced to participate in duplicative trials, at completely avoidable mental, financial, and institutional costs. This is especially true for the parties because the asserted claims in both actions involve fee shifting and thus hearing the parties' claims together in a single forum will prevent the risk of inconsistent judgments with respect to these issues. *See Sprinkle Masonry*, 2014 WL 4748527, at *3 (finding that there exists a significant risk of "inconsistent adjudication if the cases remain separate . . . as both cases involve similar factual situations involving nearly identical legal claims.").

For all of these reasons, the Court should exercise its broad discretion to consolidate *DCL I* and *DCL II*, both of which are pending in this District and Division, under FRCP 42(a).

## **CONCLUSION**

For the foregoing reasons, DCL respectfully requests that this Court grant its Motion to Consolidate, pursuant to FRCP 42(a), and issue an Order consolidating the actions of *Dark Circuit Labs, Inc. v. Black Sails Security, LLC, et al.*, Civil Action No. 1:23-cv-00236, and *Eric Missimer v. Dark Circuit Labs, Inc.*, Civil Action No. 1:23-cv-476, for all purposes including trial, and for such other and further relief as may be appropriate.

Dated: April 12, 2023  Respectfully submitted,

_____
Steven J. Weber, VSB No. 35573
Gregory R. Begg, *Pro Hac Vice*
Lauren Rayner Davis, *Pro Hac Vice*
Peckar & Abramson, P.C.
2055 L Street, NW, Suite 750
Washington, DC 20036
Telephone: (202) 293-8815
Facsimile: (202) 293-7994
SWeber@pecklaw.com
GBegg@pecklaw.com
LDavis@pecklaw.com
*Attorneys for Defendant Dark Circuit Labs, Inc.*